| | |
|---|---|
| Dallas W. Jolley, Jr.<br>WSBA No. 22957<br>4707 So. Junett St., Suite B<br>Tacoma, WA 98409<br>Tel. (253) 761-8970<br>Fax (206) 686-7653 | The Honorable Marc L. Barreca<br>Chapter 11<br>Hearing Date: June 1, 2012<br>Hearing Time: 9:30 a.m.<br>Hearing Location: 700 Stewart St., Rm. 7106<br>Seattle, WA 98101<br>Response Date: May 25, 2012 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

VADIUM TECHNOLOGY, INC.,

Debtor.

Case No.: 12-10808

RESPONSE TO STATE OF WASHINGTON'S MOTION TO CONVERT OR DISMISS

Vadium Technology Inc., by and through its undersigned attorney of record, hereby responds to the motion to convert or dismiss this case. The Debtor respectfully requests that the Court deny the Washington State's motion to convert or dismiss its Chapter 11 because of the following:

1. <u>Letter of Intent for Sale of Assets and Asset Purchase Agreement.</u>

On December 29, 2011, the Debtor entered into a Letter of Intent ("Letter") for the sale of its assets and stock swap resulting in the Debtor paying 100% of its debts and shareholders owning shares in the new company ("Asset Sale"). <u>See</u> Exhibit A (Letter of Intent). The Letter memorialized the oral agreement entered into on or about September

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Page 1

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 1 of 8

30, 2011. The parties to the Letter were the Debtor and AlphaCipher Acquisition Corporation ("AlphaCipher,") which, at the end of the transaction will be a majority owned subsidiary of Belhara Security Solutions, Inc., ("Belhara") a British Columbian corporation, which is funding the transaction. Under the terms of the Letter, of the $12.5 million purchase price, approximately $2,931,325 was paid to senior secured creditors pre-petition.

Finally, the Letter delineated that the parties had until May 15, 2012 to negotiate the final definitive agreement for the Asset Sale, which is designed to pay 100% of its non-shareholder-creditor debts, including both State and Federal tax obligations, and provide for 100% satisfaction of all shareholder-creditors and non-creditor shareholders through a combination of to be agreed to cash payments and stock swaps.

On January 30th, 2012, the Debtor filed a Chapter 11 bankruptcy with the specific intent to sell all of its assets to AlphaCipher and fulfill the terms of the Letter of Intent. The consideration given under the pending Asset Sale is up to $12.5 million along with up to 32% equity position in AlphaCipher. Ahead of the parties May 15, 2012 deadline for finalizing a definitive agreement, the parties on May 10th, 2012, Debtor and AlphaCipher executed an Asset Purchase Agreement ("APA"), subject to Court approval, which is intended to form the basis of planned reorganization and Chapter 11 liquidation of the Debtor. The Debtor has 20 days from the execution of the APA to submit it to the Court for its approval, and the Debtor is currently preparing a Motion for submission. See Exhibit B. (APA).

Debtor's Chapter 11 was filed at the request of Belhara who investing $27.5 million in cash in exchange for debt and up to a 60% equity position in AlphaCipher. Up

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

Page 2

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 2 of 8

to $12.5 million of the cash proceeds that is being invested into AlphaCipher is to be used to fund the cash portion of the purchase price under the APA, with the remaining $15 million to be used to fund AlphaCipher operations going forward. See Declaration of Tilo Kunz attached as Exhibit E. The bankruptcy was initiated in order to protect the Debtor and its assets for an orderly reorganization and recapitalization plan that it had already undertaken in conjunction with Belhara, AlphaCipher and many of its senior secured and unsecured creditors. In making the decision to file the Chapter 11 bankruptcy the Debtor and AlphaCipher made a preliminary assessment comparing the potential outcomes and effects of the Debtor's anticipated reorganization plan against those of a straight Chapter 7 liquidation. See Exhibit C.

Under the pending proposed Chapter 11 reorganization plan, all of the non-shareholder creditors would have their debts paid 100% in full, and all of the shareholder creditors would convert to equity of the reorganized entity, along with all of the current shareholders of the Debtor. This pending plan provides satisfaction for all stakeholders, both creditors and shareholders for the Debtor; it is anticipated to be an "Everyone Wins Plan." The preliminary analysis of the effect of a straight Chapter 7 liquidation would provide for the payment of secured and priority creditors, with the unsecured creditors getting less than 10% of their claims in cash, with over 50% of their total claim wiped out. Furthermore the shareholders of the Debtor would be completely wiped out. In this scenario a few creditors win, other creditors lose and the shareholders of the Debtor lose. See Exhibits C and F.

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

Page 3

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 3 of 8

Copies of the executed APA have already been provided to the Creditor's Committee, along with the Financial Analyst for the United States Trustee's Office, the Insolvency Advisor at the Internal Revenue Service, along with many of the Secured Creditors of the Debtor. The Debtor is currently working on its Disclosure Statement and a Plan of Reorganization which it plans to submit well within the deadline of 45 days after APA execution, which is to occur on or about June 24, 2012.

2. <u>AlphaCipher Intends to Pay for All Operating Expenses of Debtor, Subject to Court Approval</u>.

AlphaCipher and Debtor have drafted a Debtor-in-Possession Financing Agreement ("Agreement"), to sign on May 23, 2012, and subsequently will be submitted to the Court for approval. <u>See</u> Exhibit D (DIP Financing Agreement) The terms of the Agreement most notably include AlphaCipher's disbursement to post-petition creditors of Debtor of up to $250,000 to be used solely at AlphaCipher's discretion for any and all administrative and professional costs that might expeditiously advance the closing of the APA and the transfer of assets under the APA, from the Debtor to AlphaCipher. Said DIP financing will hold the least priority among all creditors.

3. <u>The Debtor Provided a Detailed Projection of Its Plan to Reorganize at the 341 Meeting of Creditors.</u>

At the 341 Meeting of Creditors, held on March 6, 2012, the Debtor disclosed its comprehensive plan to reorganize, which it had been working on since 2011. The Debtor explained that Belhara, through its to be majority owned subsidiary AlphaCipher, the acquiring company, would be used as the vehicle of recapitalization, and that an APA was

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

P a g e 4

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 4 of 8

being negotiated and prepared for final execution amongst the parties. The APA was executed on May 10, 2012.

Furthermore, the Debtor disclosed the Letter of Intent ("Letter") described above, highlighting the salient details that would serve as the basis of the reorganization.

4. <u>In Its Motion, the State Failed to Address Debtor's Basis for Reorganization</u>.

The State described Debtor as having "no means for reorganization" and suggested that the Debtor had "created a tangled web, perhaps intended to deceive," without taking into account significant events that were and are the bases for the reorganization. In fact, the State's motion reveals how little due diligence the State has effectuated since the Debtor filed its bankruptcy in January. Not only has it not factored in the transaction with AlphaCipher and the APA that is now pending approval from the Bankruptcy Court, it failed to attend the 341 Meeting of Creditors, and was ignorant of the fact that the bankruptcy case was filed with a substantive plan to satisfy the interests of all stakeholders involved. Finally, the State has not addressed the nearly $3 million dollars that have already been spent by all involved parties, all eager to effect and facilitate the plan in a proficient manner.

Instead, the State fishes and ambiguously eludes to nonexistent bad faith, wrongful behavior, and gross mismanagement accusations without any substantive bases for such claims. In short, the State's motion is a clear attempt to pin any one of a myriad of arbitrary, unsupported claims without having done due diligence into the fundamental underpinnings of the case. As of this date there are multiple solid elements described here to support the continuation of the Debtor's Chapter 11 reorganization.

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

Page 5

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 5 of 8

### 5. State Has to Show "Cause" for Dismissal or Conversion.

The State's motion does not demonstrate the cause required for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(1). Of the sixteen (16) illustrations of cause provided in 11 U.S.C. §1112(b)(4), the State speculates that illustration (A) and illustration (H) apply to Debtor. Without some facts, speculation is mere fiction and simply amounts to a hollow baseless attack.

Debtor has been an inactive company and the asset sale and stock swap is a giant step forward for creditors and stakeholders alike. A liquidation would hardly provide a better outcome for creditors as illustrated by Mr. Rod Nicholls in his analysis. See Exhibit C herein; if only other companies having financial difficulties could be so fortunate to be able to resurrect themselves and satisfy 100 percent of its creditors and shareholders and stay in business! Thus, there cannot be a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," See 11 U.S.C. §1112(b)(4)(A).

The acquisition of Debtor by AlphaCipher should compel the Court to reject State's motion pursuant to 11 U.S.C. §1112(b)(2), because the acquisition is in the best interests of Debtor's creditors and makes it more than reasonable that Debtor's reorganization plan will be confirmed. U.S.C. §1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that— (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121 (e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; and

RESPONSE TO STATE OF WASHINGTON  
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law  
4707 South Junett St. Ste. B Tacoma, WA 98407  
Tel: (253) 761-8970 Fax: (206) 686-7653

Page 6

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 6 of 8

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)— (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

As the unsecured creditor's committee have stated in their letter to the Court dated May 24, 2012, Debtor should be given the opportunity to go forward with the reorganization.

Finally, the attack on Mr. Nicholls' character based on an individual's involvement in creating and participating in businesses and having been a part of currently inactive businesses, even if it were true, which it is not, (See Exhibit F) does not negate the tremendous advantages the asset sale and stock swap provide for all parties involved. As Mr. Kichline stated in his Response in Opposition to the State's motion,

> [E]ven if the State's false suggestion that Nicholls was less than candid about his related companies and his involvement in AlphaCipher were true, these facts have now been exposed and timely cured. Under §1112(b)(2), the State's motion must be denied.

Mr. Kichline's analysis of cases cited by the State drives home the point that the State simply wrote its motion without knowing any of the facts. As Mr. Kichline states, "No case cited by the State in support of its motion is analogous to Vadium's situation." Rather than recite the analysis of the cases provided by Mr. Kichline, Debtor would refer the Court to pages 4 and 5 of his Response in Opposition to State's Motion to Dismiss or Convert.

## Conclusion

The State of Washington has not shown any cause or fact that would provide a basis for the conversion or dismissal of Debtor's Chapter 11 reorganization. One cannot

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

Page 7

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 7 of 8

discount the fact that valuable consideration was given prepetition, which obligates the Debtor to perform, and creditors welcome the payment of unpaid invoices, and shareholders will now have a true real opportunity to realize a return on their investments.

Therefore, the Debtor respectfully requests that the State of Washington's Motion to Dismiss or Convert be denied and that the Debtor be allowed to go forward with its Chapter 11 reorganization.

DATED this 25th day of May, 2012.

/s/Dallas Jolley, Jr.,_____
Dallas Jolley, Jr., WSBA No. 22957

RESPONSE TO STATE OF WASHINGTON
MOTION TO CONVERT OR DISMISS

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253) 761-8970 Fax: (206) 686-7653

Page 8

Case 12-10808-MLB    Doc 32    Filed 05/25/12    Ent. 05/25/12 21:49:46    Pg. 8 of 8