| | |
|---|---|
| Dallas W. Jolley, Jr.<br>Attorney & Counselor at Law<br>4707 So. Junett St., Suite B<br>Tacoma, WA 98409<br>Office (253) 761-8970<br>Fax (206) 686-7653<br><br>*Counsel for Debtor in Possession* | The Honorable Marc L. Barreca<br>Chapter 11<br>Hearing Date: August 3, 2012<br>Hearing Time: 9:30 AM<br>Hearing Location: Rm 7106, 700 Stewart St., Seattle, WA 98101<br>Response Date: July 27, 2012 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| In re:<br><br>VADIUM TECHNOLOGY, INC.,<br><br>Debtor. | Case No.: 12-10808-MLB<br><br>MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN. |

The above-captioned Debtor seeks an entry of an order approving (a) the Disclosure Statement of Vadium Technology, Inc. and (b) certain procedures that will govern solicitation and tabulation of votes to accept or reject the Plan, which are described herein and set forth in the Disclosure Statement Order. In support of this motion, Debtor respectfully states as follows:

---

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**1 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 1 of 17

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The bases for the relief requested herein are (a) sections 1123(a), 1124, 1125, 1126, 1128 of title 11 of the United States Bankruptcy Code, (b) Rules 2002, 3003, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure and (c) Rules 3017-1, 3017-2, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Western District of Washington.

## Background

4. On December 29, 2011, the Debtor entered into a Letter of Intent to sell all of its assets to a new company in exchange for cash and stock in the new company in order to recapitalize and reorganization the Debtor and restart active operations. On January 30, 2012, at the request of the Purchaser under the Letter of Intent of the Debtor's Asset, the Debtor voluntarily sought protection under Chapter 11 of the United States Bankruptcy Code in order to protect the asset sale and provide for an orderly reorganization of the Debtor for the benefit of all of the stakeholders of the Debtor.

## Relief Requested

5. By this motion, the Debtor respectfully requests entry of an order, granting the following relief:

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

2 | Page

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 2 of 17

a. Approving the Disclosure Statement

b. Approving the dates and deadlines for soliciting votes, voting on and filing objections to the Plan, including the following recommended deadline dates:

  i. The Voting Record Date as August 3, 3012;

  ii. The Solicitation Deadline as August 10, 2012;

  iii. The Voting Deadline as August 31, 2012;

  iv. The Plan Objection Deadline as August 31, 2012;

  v. The Confirmation Hearing as September 7, 2012;

c. Approving the materials to be included in the Solicitation Packages, including the following:

  i. The Ballots;

  ii. The Confirmation Hearing Notice; and

  iii. Information on how to access the Disclosure Statement and the Plan through the Bankruptcy Court website

d. Approving the non-Voting Status Notice

e. Approving the Solicitation and Voting Procedures; and

f. Approving notice and objection procedures for confirmation of the Plan.

**Basis for Relief**

**A. Approval of the Disclosure Statement**

   *(i)*   *The Disclosure Statement Contains Adequate Information*

---

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

3 | P a g e

6. Pursuant to Bankruptcy Code Section 1125, the proponent of a chapter 11 plan must provide holders of impaired claims and equity interests entitled to vote on the plan with "adequate information" regarding the plan. Specifically, Bankruptcy Code section 1125(a)(1) provides, in relevant part, as follows:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

11 U.S.C. § 1125(a)(1). "Adequate information" has been interpreted as "reasonably practicable" to permit "informed judgment" by impaired creditors and equity interest holders entitled to vote on the plan. *See Momentum Mfg. Corp. v. Employee Creditors Comm.* 25 F.3d 1132, 1136 (2d Cir. 1994); *see also Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties") (internal citation omitted) . The need to assess adequacy of information practically and flexibly is also underscored in the legislative history of Bankruptcy Code section 1125:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

4 | Page

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 4 of 17

necessary under the circumstances of each case, such as the cost of preparation of the statements, the needs for relative speed in solicitation and confirmation . . . In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest.

H.R.Rep. 95-595, at 409 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6365.

7. Courts have wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of the Bankruptcy Code section 1125(a). *See Kirk v. Texaco, Inc.*, B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy juges under § 1125(a) . . ."). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a chapter 11 plan to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. *See* H.R. Rep. 595 at 408; *Texaco*, 82 B.R. at 682 (Stating that bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations"). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.,* 278 B.R. 385, 393.

8. The Disclosure Statement reflects a summary of the Plan and, in particular, the effect of the terms of the Plan on holders of Claims, holders of Equity Interests and other parties in interest that would result if the Plan is confirmed and consummated.

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**5 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 5 of 17

The Disclosure Statement also contains the pertinent information necessary for holders of Claims entitled to vote on the Plan to make an informed decision about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement includes information regarding, among other things:

a. **Executive Summary**: A summary of the Plan;

b. **The Debtor's Corporate History, Structure and Business Overview:** An overview of the Debtor's corporate history, business operations, organizational structure and prepetition capital structure;

c. **Events Leading to the Commencement of the Chapter 11 Case:** A summary of the Debtor's out-of-court restructuring efforts in response to deteriorating economic conditions;

d. **Initial Motions of the Chapter 11 Case:** A summary of the motions filed on the petition date;

e. **Developments During the Chapter 11 Case:** A summary of the material developments during the chapter 11 case.

f. **Description of the Chapter 11 Plan:** Descriptions of the treatment of the Classes of Claims against and Equity Interests in the Debtor; means for implementation of the Plan; provisions regarding distributions;

g. **Solicitation and Voting Procedures:** A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan;

h. **Confirmation Procedures:** Confirmation procedures and statutory requirements for Confirmation and consummation of the Plan, including a liquidation analysis;

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

6 | P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 6 of 17

i. **Securities Law Matters**: Bankruptcy code exemptions from registration requirements for securities issued in reliance on Section 1145 of the Bankuptcy Code and issues related to securities transfers of the 1145 securities;

j. **Risk Factors:** Certain risk factors that may affect the Plan, risks associated with the Debtor's business, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement;

k. **Certain U.S. Federal Income Tax Consequences of the Plan:** A description of certain U.S. Federal Income Tax Consequences of the Plan; and

l. **Recommendation:** A recommendation by the Debtor that the holder of Claims in the Class entitled to vote on the Plan should vote to accept the Plan.

9. Based on the foregoing, the Debtor respectfully submits that the Disclosure Statement contains sufficient information for a hypothetical reasonable investor to make an informed judgment about the Plan and complies with all aspects of Bankruptcy Code section 1125.

> *(ii) The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation and Release Provisions in the Plan*

10. Bankruptcy Rule 3016(c) requires that, if a chapter 11 plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction. See Fed. R. Bankr. P. 3016(c).

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**7 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 7 of 17

11. Section VIII of the Disclosure Statement describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from performing. Further, the language in Article VIII of the Disclosure Statement is capitalized, making it conspicuous to anyone who reads it. Thus, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan.

*(iii) Approval of the Disclosure Statement Hearing Notice*

12. Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest. *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice thereof); Fed. R. Bankr. P. 2002(b) (requiring not less than 28 days' notice by mail of the time for filing objections and the hearing to consider the approval of a disclosure statement).

13. The Debtor will promptly serve all known creditors with a copy of the Disclosure Statement Hearing Notice, which identifies: (a) the date, time and place of the hearing to consider the Disclosure Statement; (b) the manner in which a copy of the Disclosure Statement can be obtained; and (c) the deadline and procedures for filing objections to the approval of the Disclosure Statement.

14. In accordance with Bankruptcy Rule 3017(a), the Debtor proposes that the Disclosure Statement Hearing be scheduled no earlier than August 3, 2012. As a result,

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**8 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 8 of 17

the Debtor proposes to set the deadline to object to the Disclosure Statement for July 27, 2012. Accordingly, all parties in interest will have 28 days' notice of the deadline to object to the approval of the Disclosure Statement in accordance with Bankruptcy Rules 3017(a) and 2002(b). Thus, the Debtor respectfully submits that it has provided adequate notice of the Disclosure Statement Hearing and requests that the Court approve such notice as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**B. Approval of the Materials and Timeline for Soliciting Votes on the Plan**

*(i) Approval of the Form of Ballots*

15. The Debtor respectfully submits that that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and should, therefore, be approved.

*(ii) Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan*

16. Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosures statement and notice of the time within which acceptances and rejects of the plan may be filed. *See* Fed. R. Bankr. P. 3017(d).

17. In accordance with these requirements, Debtor proposes to send the solicitation materials and documents to be included in the solicitation packages listed below to provide holders of claims with secured interests with the information they need to be

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**9 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 9 of 17

able to make informed decisions with respect to how to vote on the Plan. Each Solicitation Package will include the following materials:

    a. Information on how to access the Disclosure Statement through the Bankruptcy Court website;

    b. The notice setting forth, among other things, the date and time of the hearing on confirmation of the Plan;

    c. An appropriate Ballot;

    d. Such other materials as the Court may direct

*(iii)* ***Approval of the Form of Notices to Non-Voting Classes***

18. Those not able to vote on the Plan will not receive Solicitation Packages and, instead, the Debtor proposes that such parties receive an appropriate form notifying such holder of its non-voting status. Specifically, in lieu of solicitation materials, the Debtor proposes to provide the following to holders of Claims and Equity Interests in the Non-Voting Classes and certain other parties not entitled to vote on the plan:

    a. *Unimpaired Claims – Conclusively Presumed to Accept:* Holders of Claims in Classes 1, 3,4 5, 8, 13, 14 are not Impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.

    b. *Equity Interests – Deemed to Reject*: None are deemed to reject the Plan.

19. Each of the Notices will explain, among other things: (a) instructions on how to view or obtain copies of the Disclosure Statement (including the Plan and other

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**10 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 10 of 17

exhibits), the Disclosure Statement Order and all other materials in the Solicitation Package (*excluding* the Ballots) from the Court's website via Pacer.

20. The Debtor believes that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, unless otherwise instructed by the Court, Debtor does not intend to distribute Solicitation Packages to holders of Claims and Equity Interests in the Non-Voting Classes.

    *(iv)*    ***Approval of the Voting Record Date, Solicitation Deadline and Voting Deadline***

21. Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity shareholders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. *See* Fed. R. Bankr. P. 3018(a). Further, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the bankruptcy court may fix a time within which holders of claims and equity interests may accept or reject the plan and may fix a date for the hearing on confirmation of the plan. *See* Fed. R. Bankr. P. 3017(c).

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**11 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 11 of 17

22. The Debtor requests that the court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish August 3, 2012 as the date for determining: (a) the holders of Claims entitled to receive Solicitation Packages; (b) the holders of Claims entitled to vote or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee may cast a vote to accept or reject the Plan as the holder of such Claim.

23. Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee will be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim will be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

24. The Debtor requests that, after they distribute Solicitation Packages to holders of Claims entitled to vote on the plan by to be mailed by August 10, 2012, the Court require that all holders of Claims entitled to vote on the Plan complete, execute and return their Ballots so that they are **actually received** on or before August 31, 2012.

25. The foregoing timing and materials will afford holders of Claims entitled to vote on the Plan 21 days after service of the solicitation materials within which to review and analyze such materials and subsequently make an informed decision as to

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**12 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 12 of 17

whether to vote to accept or reject the Plan before the Voting Deadline in a manner consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed and any other information that the bankruptcy court may direct to certain holders of claims). Accordingly, the Debtor requests that the Court approve form of, and Debtor's proposed procedures for distributing, the Solicitation Packages to the holders of Claims in the Voting Class.

C. **Approval of the Solicitation and Voting Procedures**

26. Bankruptcy Code Section 1126(c) provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity share holder or an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c).

27. The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as follows:

*(i) Completion of Ballots*

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**13 |** P a g e

28. To ease and clarify the process of tabulating all votes received, the Debtor proposes that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria. Specifically, the Solicitation and Voting Procedures provide that the Debtors not count a Ballot if it is, among other things, illegible, submitted by a holder of a Claim that is not entitled to vote on the Plan, not clearly marked to accept or reject the Plan, marked both to accept and reject the Plan, or unsigned.

*(ii) General Ballot Tabulation and Voting Procedures Applicable to Holders of Claims*

29. The Debtors' proposed Solicitation and Voting Procedures set forth specific criteria with respect to voting procedures and the general tabulation of the Ballots. The Debtor believes that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process. Specifically, the procedures will clarify the obligations of each holder of a Claim entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the requirements of Bankruptcy Code section 1126(c). Accordingly, the Debtors submit that the Solicitation and Voting Procedures are in the best interests of their estates, holders of Claims and other parties in interest, and that good cause supports the relief requested herein.

**D. Approval of Procedures Confirming the Plan**

*(i) Establishing Procedures for Notice of the Confirmation Hearing*

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**14 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 14 of 17

30. Bankruptcy Code section 1128 provides that a bankruptcy court will hold a hearing on confirmation of a plan and provides that parties in interest may object to confirmation. 11 U.S.C. § 1128. Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a bankruptcy court will fix a time for the hearing on confirmation of a plan. See Fed. R. Bankr. P. 3017(c). In accordance with Bankruptcy Rule 3017(c) and Bankruptcy Code section 1128, the Debtors request that the Court establish September 7, 2012 at 9:30 a.m., as the date and time for the hearing at which the Court will consider confirmation of the Plan.

31. . Bankruptcy Rules 2002(b) and (d) require no less than 28 days' notice to all holders of claims and equity interests of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan. To satisfy this requirement, the Debtors request that the Court establish August 31, 2012 as the deadline by which objections to the Plan must be filed with the Court and served so as to be actually received by the appropriate notice parties. Additionally, the Debtors will serve the Confirmation Hearing Notice to consider confirmation of the Plan on all known holders of Claims and Equity Interests by no later than August 8, 2012 which will provide all parties in interest more than 28 days' notice of (i) the Plan Objection Deadline and (ii) the Confirmation Hearing. The Confirmation Hearing Notice will include, without limitation: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots) from the

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

15 | P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 15 of 17

Claims Agent and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the Plan Objection Deadline; (d) notice that the Plan includes release, exculpation and injunction provisions of which parties should be aware; and (e) notice of the Confirmation Hearing Date and information related thereto.

32. The Debtors believe that this will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Plan Objection Deadline and the first date on which the Confirmation Hearing is scheduled to parties who did not otherwise receive notice thereof by mail. Additionally, service comports with the requirements of Bankruptcy Rule 2002 and should be approved.

    *(ii)*    ***Approval of the Procedures for Filing Objections to the Plan, Confirmation Brief and Debtor's Reply to Objections, if any, to the plan***

33. The Debtors also request that the Court direct the manner in which parties in interest may object to confirmation of the Plan. Pursuant to Bankruptcy Rule 3020(b)(l), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). The Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

(a) be in writing;

(b) conform to the Bankruptcy Rules, the Local Rules and any orders of this Court;

(c) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest of such party;

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653

**16 |** P a g e

Case 12-10808-MLB    Doc 38    Filed 07/03/12    Ent. 07/03/12 18:34:10    Pg. 16 of 17

(d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

(e) be filed, contemporaneously with a proof of service, with the Court and served so that they are actually received by the notice parties identified in the Confirmation Hearing Notice on or before the Plan Objection Deadline.

**Non-Substantive Modifications**

34. The Debtors request authorization to make non-substantive changes to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Non-Voting Status Notices, the Ballots, the Publication Notice, the Voting and Solicitation Procedures and related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Plan and any other materials in the Solicitation Packages before distribution.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this Court enter an order granting the relief requested herein.

DATED: July 3, 2012

/s/ Dallas W. Jolley, Jr,
Dallas W. Jolley, Jr., WSBA No. 22957
Attorney for Debtors

MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S CHAPTER 11 PLAN AND (B) ESTABLISHING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN

Dallas Jolley, Jr., Attorney at Law
4707 South Junett St. Ste. B Tacoma, WA 98407
Tel: (253)761-8970 Fax: (206)686-7653